UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

****************************************************************************************************

In re:

JOHN OWEN MURRIN, III,                              BKY 09-38182

        Debtor.

*********************************

In re:

DEVONNA KAE MURRIN,                              BKY 09-38183

        Debtor.

****************************************************************************************************

**ORDER DENYING PUTATIVE DEBTORS' MOTIONS
FOR EXPEDITED HEARING ON MOTIONS FOR ABSTENTION;
DENYING MOTIONS FOR ABSTENTION;
AND STRIKING HEARINGS SET FOR JUNE 7, 2010**

****************************************************************************************************

At St. Paul, Minnesota
May 28, 2010

        These involuntary Chapter 7 cases were before the Court on May 18, 2010, for a status conference. Kenneth E. Keate, the Debtors' counsel, voiced his intent to file motions for abstention pursuant to 11 U.S.C. § 305(a). To conserve judicial and party resources, and to focus and enable a consolidated resolution of threshold issues in these cases, the Court directed him to set those motions for hearing on June 7, 2010, to be held concurrently with a previously-set hearing on the Debtors' long-pending motion to require the petitioning creditors to post a bond.

        The Court also expressly told the Debtors' counsel that his motions would have to be filed so as to afford the full 14-day period of notice under local rule. He was advised on the record that a motion for expedited hearing toward the shortening of the notice period would not be entertained under any circumstances. Term 2 of the scheduling order entered on May 21, 2010

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *05/28/2010*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

unequivocally reflected this, with the deadline for filing set as a date certain, May 24, 2010.

The Debtors' counsel did not file his motions until after the beginning of the calendar day on May 25, 2010.[1] His filings included a motion for a grant of expedited hearing, so as to forgive the untimely filing that he knew he would be making.

Not a one of counsel's recitations furnish a good excuse for his failure to comply with a clear directive to give fair and full notice to his opponents.[2] The directive in the scheduling order was there for a purpose, and counsel's failure must be given its consequence.

IT IS THEREFORE ORDERED:

1. The Debtors' motions for expedited hearing on their motions for abstention pursuant to 11 U.S.C. § 305(a) and 28 U.S.C. § 1334(c) are denied.

2. The Debtors' motions for abstention pursuant to 11 U.S.C. § 305(a) and 28 U.S.C. § 1334(c) are denied, for failure of adequate notice to the respondents. The June 7, 2010 hearing on those motions is stricken.

3. The Debtors' motions for imposition of bond on the petitioning creditors will proceed to hearing as scheduled on June 7, 2010.

BY THE COURT:
*/e/ Gregory F. Kishel*
_____
GREGORY F. KISHEL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The CM/ECF-generated receipts for both motion documents preserve the time of receipt in e-format through the court's system, down to the minute. In BKY 09-38182, the time of the receipt of the initial motion document is noted as "0:03 AM CDT," on May 25; in BKY 09-38183, that time is noted as "0:05 AM CDT" on the same day. Other documents accompanying the motions came trickling in for some time after those filings.

[2] It was bad enough that counsel intended all along to file toward the end of the calendar day of May 24, up to six to seven hours after an ordinary close of business on the date of the deadline, with meaningful notice to his opponents being cut by a full working day. But his plea of computer malfunction is cumulatively insulting. This is not the first time this attorney has made this plaint in circumstances where time would have been of the essence; so it was quite clear to him that he could not afford to bear that risk as he rammed his submissions up against a known deadline.

# CERTIFICATE OF NOTICE

```
District/off: 0864-3          User: judy              Page 1 of 1            Date Rcvd: May 28, 2010
Case: 09-38182                Form ID: pdf111         Total Noticed: 4

The following entities were noticed by first class mail on May 30, 2010.
db           +JOHN OWEN MURRIN, III,    120 5TH ST,    SEAL BEACH, CA 90740-6114
ptcrd        +Colleen Turgeon,    4744 York Ave. S.,    Minneapolis, MN 55410-1868
ptcrd        +Glen Smogoleski,    850 King Dr.,    Willmar, MN 56201-9177
ptcrd        +Terri Hanson,   931 Parkway Dr.,    West Fargo, ND 58078-8118

The following entities were noticed by electronic transmission.
NONE.                                                                                         TOTAL: 0

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
intp          Toni Klatt,    1357 County Road J,    River Falls
ptcrd         Toni Klatt,    1357 County Road J,    River Falls
                                                                                            TOTALS: 2, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: May 30, 2010**                    Signature: _Joseph Speetjens_